**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ENCORE FUNDING II, LLC, | ) | Case No. 1:25-cv-00582-BMB |
| | ) | |
| *Plaintiff*, | ) | Judge Bridget Meehan Brennan |
| | ) | |
| v. | ) | Magistrate Judge James E. Grimes, Jr. |
| | ) | |
| SHOPNO I, LLC, ET AL. | ) | |
| | ) | |
| *Defendants*. | ) | |

## DEFENDANTS' ANSWER AND COUNTERCLAIM

Defendants Shopno I, LLC *("Shopno"* or *"Defendant Shopno"*), Faisal Farhana ("*Defendant Farhana*"), and Ruheen Miah (*"Defendant Miah"*) (collectively the *"Defendants"*), for their Answer to Plaintiff Encore Funding II, LLC's ("*Plaintiff*") Complaint, state as follows:

### ANSWER

**A.  The Parties and Jurisdiction**

1.      Defendants admit the allegations contained in Paragraph 1 of the Complaint.

2.      The allegations contained in Paragraph 2 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Defendant Shopno signed the Factoring Agreement attached as Exhibit A to the Complaint and the Addendum attached as Exhibit B to the Complaint, that Defendant Farhana signed the Guaranty attached as Exhibit C to the Complaint, and that Defendant Miah signed the Guaranty attached as Exhibit D to the Complaint. Defendants further admit that these documents are at issue in this case.

3.      Defendants admit the allegations contained in Paragraph 3 of the Complaint.

1

4.      Defendants admit that Defendant Farhana is an individual who resides at 97-46 93rd Street, Ozone Park, NY 11416. The remaining allegations contained in Paragraph 4 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Defendant Farhana signed the Guaranty attached as Exhibit C to the Complaint.

5.      Defendants admit that Defendant Miah is an individual who resides at 5174 48th Street, Fl 1, Woodside, NY 11377. The remaining allegations contained in Paragraph 5 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Defendant Miah signed the Guaranty attached as Exhibit D to the Complaint.

6.      The allegations contained in Paragraph 6 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants state that this case has been properly removed to the United States District Court for the Northern District of Ohio, Eastern Division and jurisdiction and venue is proper in that Court. Defendants deny the remaining allegations contained in Paragraph 6 of the Complaint.

7.      The allegations contained in Paragraph 7 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants state that this case has been properly removed to the United States District Court for the Northern District of Ohio, Eastern Division and subject matter jurisdiction is proper in that Court. Defendants deny the remaining allegations contained in Paragraph 7 of the Complaint.

8.      The allegations contained in Paragraph 8 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants state that this case has been properly removed to the United States District Court for the Northern

2

District of Ohio, Eastern Division and that Court has personal jurisdiction over Defendants. Defendants deny the remaining allegations contained in Paragraph 8 of the Complaint.

9.      The allegations contained in Paragraph 9 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants state that this case has been properly removed to the United States District Court for the Northern District of Ohio, Eastern Division and venue is proper in that Court. Defendants deny the remaining allegations contained in Paragraph 9 of the Complaint.

**B.  The Factoring Agreement, Addendum, and Related Guaranty.**

10.      Defendants admit the allegations contained in Paragraph 10 of the Complaint.

11.      Defendants admit that Defendant Shopno signed the Factoring Agreement attached as Exhibit A to the Complaint, admit that the Factoring Agreement speaks for itself, and deny all allegations inconsistent therewith as alleged in Paragraph 11 of the Complaint.

12.      Defendants admit that Defendant Shopno signed the Addendum attached as Exhibit B to the Complaint, admit that the Addendum speaks for itself, and deny all allegations inconsistent therewith as alleged in Paragraph 12 of the Complaint.

13.      Defendants admit that Defendant Farhana signed the Guaranty attached as Exhibit C to the Complaint, admit that the Guaranty speaks for itself, and deny all allegations inconsistent therewith as alleged in Paragraph 13 of the Complaint.

14.      Defendants admit that Defendant Miah signed the Guaranty attached as Exhibit D to the Complaint, admit that the Guaranty speaks for itself, and deny all allegations inconsistent therewith as alleged in Paragraph 14 of the Complaint.

15.      Defendants admit that Defendant Shopno signed the Factoring Agreement attached as Exhibit A to the Complaint, admit that the Factoring Agreement speaks for itself, and deny all

allegations inconsistent therewith as alleged in Paragraph 15 of the Complaint. Defendants admit that Encore provided funds to Shopno and that Encore collected payments on Shopno's invoices.

16.     Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17.     Defendants deny the allegations contained in paragraph 17 of the Complaint.

18.     Defendants admit that they sent a letter to Encore on February 11, 2025, that the letter speaks for itself, and deny all allegations inconsistent therewith as alleged in Paragraph 18 of the Complaint.

## COUNT I
### (Breach of Factoring Agreement and Addendum)

19.     Defendants incorporate each and every response to Paragraphs 1-18 of the Complaint.

20.     The allegations contained in Paragraph 20 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Defendant Shopno signed the Factoring Agreement attached as Exhibit A to the Complaint, admit that the Factoring Agreement speaks for itself, and deny all allegations inconsistent therewith as alleged in Paragraph 20 of the Complaint.

21.     Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22.     Defendants admit that Defendant Shopno signed the Factoring Agreement attached as Exhibit A to the Complaint, admit that the Factoring Agreement speaks for itself, and deny all allegations inconsistent therewith as alleged in Paragraph 22 of the Complaint.

23.     Defendants admit that Defendant Shopno signed the Factoring Agreement attached as Exhibit A to the Complaint, admit that the Factoring Agreement speaks for itself, and deny all allegations inconsistent therewith as alleged in Paragraph 23 of the Complaint.

24.     Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25.      Defendants admit that Defendant Shopno signed the Factoring Agreement attached as Exhibit A to the Complaint, admit that the Factoring Agreement speaks for itself, and deny all allegations inconsistent therewith as alleged in Paragraph 25 of the Complaint. Defendants further admit that Encore purchased from Shopno certain invoices.  Defendants deny the remaining allegations contained in Paragraph 25 of the Complaint.

26.      Defendants admit that it has received payments on certain invoices.  Defendants deny the remaining allegations contained in Paragraph 26 of the Complaint.

27.      Defendants admit that Defendant Shopno signed the Factoring Agreement attached as Exhibit A to the Complaint, admit that the Factoring Agreement speaks for itself, and deny all allegations inconsistent therewith as alleged in Paragraph 27 of the Complaint. Defendants admit that they sent a letter to Encore on February 11, 2025, that the letter speaks for itself, and deny all allegations inconsistent therewith as alleged in Paragraph 27 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 27 of the Complaint.

28.      Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29.      Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30.      Defendants deny the allegations contained in Paragraph 30 of the Complaint.

### COUNT II
### (Breach of Farhana Guaranty)

31.      Defendants incorporate each and every response to Paragraphs 1-30 of the Complaint.

32.      Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33.      Defendants deny the allegations contained in Paragraph 33 of the Complaint.

## COUNT III
### (Breach of Miah Guaranty)

34.     Defendants incorporate each and every response to Paragraphs 1-33 of the Complaint.

35.     Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36.     Defendants deny the allegations contained in Paragraph 36 of the Complaint.

## COUNT IV
### (Unjust Enrichment)

37.     Defendants incorporate each and every response to Paragraphs 1-36 of the Complaint.

38.     Defendants admit that Defendant Shopno signed the Factoring Agreement attached as Exhibit A to the Complaint, admit that the Factoring Agreement speaks for itself, and deny all allegations inconsistent therewith as alleged in Paragraph 38 of the Complaint. Defendants admit that Encore purchased certain invoices from Shopno.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 38 of the Complaint and therefore deny them.

39.     Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40.     Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41.     Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42.     Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43.     Defendants deny the allegations contained in Paragraph 43 of the Complaint.

## COUNT V
### (Conversion)

44.     Defendants incorporate each and every response to Paragraphs 1-43 of the Complaint.

45.     Defendants admit that Defendant Shopno signed the Factoring Agreement attached as Exhibit A to the Complaint, admit that the Factoring Agreement speaks for itself, and deny all allegations inconsistent therewith as alleged in Paragraph 45 of the Complaint.

46.     Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47.     Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48.     Defendants deny the allegations contained in Paragraph 48 of the Complaint.

## AFFIRMATIVE DEFENSES

1.     The Complaint fails to state a claim upon which relief may be granted.

2.     Plaintiff's claims are barred due to Plaintiff's own acts, including, but not limited to, Plaintiff's breaches of the parties' agreement.

3.     Plaintiff's claims are barred due to the acts of third parties.

4.     Plaintiff's claims are barred because it failed to mitigate its alleged damages.

5.     Plaintiff's claims are barred by the doctrine of waiver.

6.     Plaintiff's claims are barred by the doctrine of estoppel.

7.     Plaintiff's claims are barred by the doctrine of unclean hands.

8.     Plaintiff's claims fail because Plaintiff failed to perform all duties and obligations, contractual or otherwise, owed to Defendants.

9.     Plaintiff's claims fail because Plaintiff failed to comply with all its conditions precedent.

10.     Plaintiff's damages (if any) are subject to offset.

Defendants reserve the right to add additional affirmative defenses as may be revealed during the course of discovery.

7

WHEREFORE, Defendants request that the Complaint be dismissed, with prejudice, and that the Court award to Defendants all such other relief as this Court shall deem just and equitable.

## COUNTERCLAIM

Defendant/Counterclaim Plaintiff Shopno I, LLC (*"Shopno"*), for its Counterclaim against Plaintiff/Counterclaim Defendant Encore Funding II, LLC's ("*Encore*"), states as follows:

### The Parties

1.    Shopno is a New York limited liability company with its principal place of business in Queens, NY. All of Shopno's members are citizens of New York.

2.    Shopno is a fiscal intermediary in the home healthcare space that provides financial and administrative support to Shopno's clients. Shopno's clients are generally older adults and the services that Shopno provides helps its clients stay in their homes as they age, which ultimately improves the quality of their lives.

3.    Encore is an Ohio limited liability company with its primary place of business and corporate headquarters located in Pepper Pike, Ohio. Encore is a financial company that specializes in payroll funding.

### Jurisdiction and Venue

4.    This Court has jurisdiction over this case as it is a dispute between citizens of different States, and the amount in controversy exceeds $75,000.00. See 28 U.S.C. § 1332.

5.    This Court also has jurisdiction over this case, and venue is proper before this Court, as the parties contracted in the Factoring and Security Agreement (*"Factoring Agreement"*) at issue that "[i]n the event of removal to a Federal Court, such court shall be the District Court for the Northern District of Ohio Eastern Division."

**Shopno and Encore Enter into the Factoring Agreement**

6.      On or about February 5, 2024, Shopno and Encore entered into the Factoring Agreement whereby Encore agreed to advance funds to Shopno based on a calculation using Encore's accounts receivable, and Encore would be reimbursed either directly by Shopno or by third-party insurance companies as the accounts receivable were paid.

**Encore Improperly Withholds Advancements and Grows the Reserve Account**

7.      Each week Encore was required to advance Shopno money.

8.      Each week Encore was permitted to hold back a portion of the funds it was advancing to Shopno based on a certain percentage of the accounts receivable and to place those funds in a reserve account (the "Reserve Account").

9.      Encore held back more funds than what the parties agreed to and wrongfully kept those funds in the Reserve Account instead of advancing those funds to Shopno.

10.     As a result of Encore improperly withholding funds, the Reserve Account has now grown to over $920,000.00.

11.     As a result of Encore improperly withholding funds, Shopno did not receive the advance payments it was entitled to and relied upon and was unable to maintain and grow its business.

**Encore Improperly Holds Accounts Receivable Open to Generate Fees**

12.     Encore was permitted to charge Shopno a certain fee based on how many days an account receivable would stay open.

13.     Encore wrongfully held accounts receivable open even though those accounts receivable had been paid for either directly by Shopno or by third-party insurance companies.

9

14.     As a result of Encore wrongfully holding accounts receivable open, Encore generated fictitious fees that it charged to Shopno and used those fictitious fees as a reason to withhold further advancements to Shopno.

**Encore Improperly Withholds Money to Pay an IRS Lien**

15.     Encore is currently holding $700,000.00 that it was required to send Shopno for Shopno to pay down an IRS tax lien that Shopno inherited.

16.     By failing to send Shopno the $700,000.00, Shopno has been unable to pay down the IRS tax lien and additional IRS fees and interest are accruing.

**COUNT I**<br>**BREACH OF CONTRACT**

17.     Shopno realleges and reincorporates Paragraphs 1-16 of its Counterclaim.

18.     Shopno and Encore entered into the Factoring Agreement.

19.     Shopno has fully performed its obligations under the Factoring Agreement.

20.     Encore has breached the Factoring Agreement by: (i) holding back more funds than what the parties agreed to and wrongfully keeping those funds in the Reserve Account instead of advancing those funds to Shopno; wrongfully holding accounts receivable open and generating fictitious fees; and withholding $700,000.00 from Shopno to pay the IRS tax lien.

21.     As a direct and proximate result of Encore's breaches of the Factoring Agreement, Shopno has not received at least $1,620,000.00 it was entitled to, has not been able to maintain or grow its business as it would have had Encore forwarded all required funds to Shopno, and has suffered irreparable reputational damage to its business.

WHEREFORE, Shopno respectfully requests that the Court enter a Judgment awarding it money damages to be determined at trial but not less than $1,620,000.00, together with its costs and fees of this lawsuit, and all other legal and equitable relief that Shopno may be entitled to.

10

Respectfully submitted,

**KOHRMAN JACKSON & KRANTZ, LLP**

*/s/Michael D. Hoenig*
John D. Ramsey (0083705)
Michael D. Hoenig (0093237)
One Cleveland Center, 29th Floor
1375 East Ninth Street
Cleveland, OH  44114-1793
Telephone: (216) 696-8700
Facsimile:  (216) 621-6536
Email: jdr@kjk.com, mdh@kjk.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that I caused the foregoing *Defendants' Answer and Counterclaim* to be filed via

CM/ECF on April 23, 2025, and will serve the same upon the following via email:

David S. Blocker
Blocker Law LLC
30195 Chagrin Blvd., Ste. 300
Pepper Pike, OH 44124
E: david@blockerlawfirm.com
*Counsel for Plaintiff*


/s/Michael D. Hoenig
Michael D. Hoenig (0093237)